UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOISES RONE,

    Petitioner,

v.

OSCAR AVILES,

    Respondent.

Civ. No. 15-3798 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The petitioner, Moises Rone, is an immigration detainee currently detained at the Hudson County Jail in Kearny, New Jersey. He is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

### II. BACKGROUND

A. Immigration Detention & Removal Proceedings

Mr. Rone is a native and citizen of the Dominican Republic. He was admitted to the United States in 1999 as a lawful permanent resident. On February 19, 2014, Mr. Rone was convicted in the United States District Court for the Southern District of New York of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A. He received a sentence of twenty-eight months' imprisonment. Mr. Rone was released from federal incarceration on February 21, 2014. *See www.bop.gov/inmateloc/* (last visited on October 29, 2015).

On March 21, 2014, Immigration Customs Enforcement ("ICE") served Mr. Rone with a notice to appear and he was taken into immigration detention. On December 29, 2014, the Immigration Judge ("IJ") ordered Mr. Rone removed from the United States. The Board of Immigration Appeals ("BIA") dismissed Mr. Rone's appeal on June 18, 2015.

Mr. Rone filed a motion to stay and petition for review with the United States Court of Appeals for the Second Circuit. Pursuant to a forbearance agreement in the Second Circuit, ICE will refrain from removing Mr. Rone while those issues are pending before that Court. On September 15, 2015, ICE decided to continue Mr. Rone's immigration detention.

B. <u>Federal Habeas Proceedings</u>

Mr. Rone initially filed his habeas petition *pro se* in the Southern District of New York. Mr. Rone is detained in this District, however, so venue is appropriate here. Accordingly, the Southern District of New York transferred this action to this Court on June 5, 2015.

Mr. Rone made two main arguments in his *pro se* habeas petition. First, he asserts that his immigration detention violates 8 U.S.C. § 1226 because he was not taken into immigration detention directly upon his release from incarceration on his criminal sentence. Second, Mr. Rone argues that his continued and prolonged immigration detention violates his due process rights.

Respondent answered the habeas petition on July 10, 2015. Mr. Rone filed his reply on August 17, 2015. At that point, this matter was fully briefed. Before the Court ruled on the habeas petition, however, Mr. Rone obtained pro bono counsel to represent him. Pro bono counsel sought and received an extension of time to file a supplemental reply brief, which was filed on October 5, 2015. In addition to the arguments raised in the habeas petition, Mr. Rone's supplemental reply brief argues that ICE's September 15, 2015 decision to continue his detention

failed to comply with 8 C.F.R. § 241.4. The court ordered the government to address that argument in a surreply brief, which the government filed on October 26, 2015. On November 3, 2015, Mr. Rone filed a letter in response to the surreply.

### III. DISCUSSION

#### A. Application to Seal & Application for Appointment of Counsel

Mr. Rone filed a *pro se* motion to seal prior to the appearance of pro bono counsel. (*See* Dkt. No. 20) He requests that the Court seal all documents in this case and that the Court redact the names and whereabouts of himself and his affiants and witnesses.

Local Civil Rule 5.1(c) governs motions to seal. The Rule states as follows:

> Any motion to seal or otherwise restrict public access shall be available for review by the public. The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. Proposed Findings of Fact and Conclusions of Law shall be submitted with the motion papers in the proposed order required by (c)(5) below.

L.Civ.R. 5.1(c). Mr. Rone's application to seal does not comply with the Local Rule. He does not describe the "clearly defined and serious injury that would result if the relief sought is not granted." *Id.* Furthermore, he has not submitted proposed findings of fact and conclusions of law. Accordingly, the application to seal will be denied without prejudice.

Mr. Rone also filed an application to appoint pro bono counsel. (*See* Dkt. No. 21) This application will be denied as moot. After since it was filed, pro bono counsel appeared on Mr. Rone's behalf, and continues to represent him.

3

B. <u>Immigration Detention</u>

Mr. Rone makes three arguments with respect to his immigration detention. First, he argues that his current immigration detention violates 8 U.S.C. § 1226 because he was not immediately detained by immigration officials upon his release from federal incarceration on February 21, 2014. Second, Mr. Rone argues that his current immigration detention violates his due process rights. Finally, Mr. Rone asserts that ICE's September 15, 2015 decision to keep him in immigration detention fails to comply with the applicable regulations.

    i.    *Failure to detain Mr. Rone upon release from federal incarceration*

Mr. Rone first argues that he is entitled to federal habeas relief because he was not placed in immigration detention until a month after he was released from incarceration for his federal criminal convictions.

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

4

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1). According to Mr. Rone, he was not placed into mandatory immigration detention until one month after his release from incarceration. This, he says, violates the statutory provision that immigration detention may occur "when the alien is released."

Mr. Rone's argument is foreclosed by binding Court of Appeals authority. In *Sylvain v. Attorney General*, 714 F.3d 150, 156–57 (3d Cir. 2013), the Third Circuit held that the government retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from criminal custody. "[M]andatory detention does not require immediate detention." *Id.* at 156. "Even if the statute calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay." *Id.* at 157.

*Sylvain* held that a gap of four years between release and immigration detention did not violate the statute. In Mr. Rone's case, the gap was one month. Under *Sylvain*, the government retained full statutory authority to detain Mr. Rone pursuant to § 1226(c). Habeas relief on these grounds will be denied.

ii.  *Due process*

Mr. Rone also argues that the length of his immigration detention (since March 2014) violates his due process rights.

I must first decide whether Mr. Rone is in pre-removal or post-removal immigration detention, because they are governed by separate rules.

Title 8, United States Code, Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under Section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal fi the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the

6

> Attorney General, or upon overstay of the voluntary departure
> period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal-order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States,* 495 F. App'x 274, 276–77 (3d Cir. 2012) (citing *Zadvydas,* 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas,* 533 U.S. at 701.

The BIA dismissed Mr. Rone's appeal on June 18, 2015. Thus, at first glance, it would appear that Mr. Rone is in post-removal immigration detention. Mr. Rone asserts, however, that he remains in pre-removal immigration detention because of the forbearance of removal pending

7

resolution of the motion to stay and petition for review that he filed in the Second Circuit. Thus, according to Mr. Rone, his detention should be analyzed under the regime of Section 1226, not Section 1231.

Mr. Rone's argument is not persuasive; the Second Circuit's forbearance policy does not rise to the level of a formal stay of removal, let alone a reversal of the ICE's decision. Several district courts within the Third Circuit have found that the Second Circuit's forbearance policy does not convert a petitioner's immigration detention status from Section 1231 to Section 1226. *See Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. Mar. 16, 2015) (noting that since stay motion had not yet been granted, basis for petitioner's immigration detention remained under Section 1231); *Grosset v. Muller*, No. 13-0654, 2013 WL 6582944, at *2 n.2 (D.N.J. Dec. 13, 2013) (noting that since no court granted petitioner a stay of removal, detention status remained under Section 1231 despite Second Circuit's forbearance policy); *Aziz v. Attorney Gen. of U.S.*, No. 12-0673, 2012 WL 5207459, at *1 n.3 (M.D. Pa. Oct. 22, 2012) (Section 1226 does not apply to forbearance of removal because no stay of removal had been issued). Accordingly, as Mr. Rone remains in post-removal immigration detention, his current detention is governed by Section 1231, and *Zadvydas* applies, not Section 1226 and the Third Circuit's decisions in *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.,* 656 F.3d 221 (3d Cir. 2011).

Mr. Rone also filed a letter on November 3, 2015 in which he argued that this Court should hold his habeas petition in abeyance in light of the recent United States Court of Appeals for the Second Circuit's decision in *Lora v. Shanahan*, No. 14-2343, 2015 WL 6499951 (2d Cir. Oct. 28, 2015).[1] In *Lora*, the Second Circuit expressly disagreed with the Third Circuit's

---

[1] This filing by Mr. Rone amounts, I suppose, to a sur-surreply. Although Mr. Rone did not seek leave to file it, I will consider it in the interests of justice.

8

approach in determining what is a reasonable amount of time that an immigration detainee can be detained without a bail hearing under § 1226(c), or in the pre-removal period. *Compare Lora*, 2015 WL 6499951, at *10, *with Chavez-Alvarez*, 783 F.3d at 474-75. In *Lora*, the Second Circuit adopted a bright-line approach whereby an immigration detainee held pursuant to § 1226(c) must be afforded a bond hearing within six months of his detention. *See* 2015 WL 6499951, at *12. Comparatively, this Circuit in *Chavez-Alvarez* took a more fact-specific approach in determining when an immigration detainee is entitled to a bond hearing under § 1226(c). *See* 784 F.3d at 784-85. The differences between the Second and the Third Circuit approaches notwithstanding, this Court need not determine the impact of *Lora* on this case. Indeed, as described above, Mr. Rone is now in immigration detention under § 1231, or post-removal immigration detention, not § 1226(c). Therefore, even if *Lora* were controlling this Circuit (which it is not), its holding would not be apply.

The BIA dismissed Mr. Rone's appeal on June 18, 2015, less than five months ago. He remains within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. Accordingly, his challenge to his post-removal immigration detention is premature and does not warrant granting federal habeas relief at this time. *Accord Grosset*, 2013 WL 6582994 at *3 (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *3 (D.N.J. Apr. 4, 2013) (same).

Should the United States fail to execute the order of removal within a reasonable time, such a claim may be reasserted. Any such claim should address the length of detention, the reasons for detention, the prospect of a decision within a reasonable time, and whatever other factors may bear on the analysis.

iii. *8 C.F.R. § 241.4*

In the supplemental reply brief filed by pro bono counsel, Mr. Rone argues that he is also entitled to federal habeas relief because ICE failed to comply with applicable regulations in its September 15, 2015 decision to continue his detention. That decision, he says, erred in that it failed to consider the factors set forth in 8 C.F.R. § 241.4.

Prior to the expiration of the ninety-day removal period set forth in 8 U.S.C. § 1231(a)(1)(A), the district director shall conduct a custody review for an alien where the removal cannot be accomplished during the prescribed period. *See* 8 C.F.R. § 241.4(k)(1). The regulations further provide that:

> (e) Criteria for release. Before making any recommendation or decision to release a detainee, a majority of the Review Panel members, or the Director of the HQPDU in the case of a record review, must conclude that:
> (1) Travel documents for the alien are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest;
> (2) The detainee is presently a non-violent person;
> (3) The detainee is likely to remain nonviolent if released;
> (4) The detainee is not likely to pose a threat to the community following release;
> (5) The detainee is not likely to violate the conditions of release; and
> (6) The detainee does not pose a significant flight risk if released.
>
> (f) Factors for consideration. The following factors should be weighed in considering whether to recommend further detention or release of a detainee:
> (1) The nature and number of disciplinary infractions or incident reports received when incarcerated or while in Service custody;
> (2) The detainee's criminal conduct and criminal convictions, including consideration of the nature and severity of the alien's convictions, sentences imposed and time actually served, probation and

10

> criminal parole history, evidence of recidivism, and
> other criminal history;
> (3) Any available psychiatric and psychological
> reports pertaining to the detainee's mental health;
> (4) Evidence of rehabilitation including institutional
> progress relating to participation in work,
> educational, and vocational programs, where
> available;
> (5) Favorable factors, including ties to the United
> States such as the number of close relatives residing
> here lawfully;
> (6) Prior immigration violations and history;
> (7) The likelihood that the alien is a significant
> flight risk or may abscond to avoid removal,
> including history of escapes, failures to appear for
> immigration or other proceedings, absence without
> leave from any halfway house or sponsorship
> program, and other defaults; and
> (8) Any other information that is probative of
> whether the alien is likely to—
>> (i) Adjust to life in a community,
>> (ii) Engage in future acts of violence,
>> (iii) Engage in future criminal activity,
>> (iv) Pose a danger to the safety of himself or
>> herself or to other persons or to property, or
>> (v) Violate the conditions of his or her release
>> from immigration custody pending removal
>> from the United States.

8 C.F.R. § 241.4(e) & (f). The September 15, 2015 custody review, according to Mr. Rone, failed to discuss those six criteria and eight factors.

On June 25, 2015, Mr. Rone was provided with a "Notice of Alien File Custody Review." (Dkt. No. 19-1 at p. 124) That document provided Mr. Rone with the following notice:

> You are detained in the custody of the Immigration and Customs
> Enforcement (ICE) and you are required to cooperate with the ICE
> in effecting your removal from the United States. If ICE has not
> removed you from the United States within the removal period set
> forth in INA 241(a) (normally 90-days) of either: 1) your entering
> INS/ICE custody with a final order of removal, deportation or
> exclusion, or 2) the date of any final order you receive while you
> are in INS/ICE custody, the ICE Deciding Official will review
> your case for consideration of release on an Order of Supervision.

11

> Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you WILL NOT pose a danger to the community and WILL NOT present a flight risk. Your custody status will be reviewed on or about (09/16/2015). The Deciding Official may consider, but is not limited to the following:
>
>> 1. Criminal convictions and criminal conduct;
>> 2. Other criminal and immigration history;
>> 3. Sentence(s) imposed and time actually served;
>> 4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
>> 5. Probation history;
>> 6. Disciplinary problems while incarcerated;
>> 7. Evidence of rehabilitative effort or recidivism;
>> 8. Equities in the United States;
>> 9. Cooperation in obtaining your travel document;
>> 10. Any available mental health problems.
>
> You may submit documentation you wish to be reviewed in support of your release, prior to the date listed above[.]

(Dkt. No. 19-1 at p. 124) Subsequently, ICE issued its decision to continue detention on

September 15, 2015. That decision stated the following:

> This letter is to inform you that your custody has been reviewed and it has been determined that you will not be released from custody of the U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.
>
> A review of your immigration history reveals that on June 18, 2015, the Board of Immigration Appeals dismissed your appeal of the Immigration Judge's December 29, 2014 decision. On or about June 25, 2015, you filed a Petition for Review and a motion to stay removal within the U.S. Court of Appeals, Second Circuit. Your removal is not being enforced at this time because of the Second Circuit's forbearance policy, which precludes removal while your stay motion is pending.

12

Case 2:15-cv-03798-KM Document 33 Filed 11/12/15 Page 13 of 15 PageID: 434

> *Based on the aforementioned factors*, you are to remain in ICE custody pending the adjudication of your stay motion and, if granted, until your Petition for Review is decided. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by takin whatever actions ICE requests to affect your removal.

(Dkt. No. 28-1 at p. 2 (emphasis added).) This decision, says Mr. Rone, was impermissible because it relied solely on his filing of a motion to stay and petition for review with the Second Circuit, and the Second Circuit's forbearance policy—not the factors in the regulation.

Mr. Rone's reads the September 15, 2015 decision too narrowly. As ICE's decision to continue Mr. Rone's detention indicates, it was based on a review of his file and his personal interview as well as any information he submitted to ICE. Furthermore, ICE stated that "based on the aforementioned factors," Mr. Rone was to remain in ICE custody. I interpret "the aforementioned factors" to refer to the factors that ICE cited in its June 25, 2015 Notice to Mr. Rone. The regulations do not require that the ICE recite the factors one by one and explain how each does or does not apply.

Mr. Rone relies on *D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368 (W.D.N.Y. 2009). That case, of course, does not bind this Court, but I also find it distinguishable. *D'Alessandro* held that a February 2008 decision by ICE to continue an immigration detainee's detention failed to comply with the applicable regulations. That February 2009 ICE's decision was as follows:

> This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and consideration of information you submitted to ICE's reviewing officials.
>
> An Immigration Judge ordered you removed by from the United States on October 26, 1998. You appealed your decision and on

13

> March 30th, 1999 the Board of Immigration Appeal (BIA) affirmed the judge's decision. A second motion was filed with the BIA on October 23rd, 2007 and denied on November 27th 2007 and your case is currently pending with the 2nd Circuit (SDNY).
>
> A travel document for your removal from the United States to your native country of Italy was available with the Consulate of Italy in NYC, who agreed to issue a travel document to effect your removal once an itinerary was received. You have failed to demonstrate that there is no significant like [sic] hood of your repatriation in the foreseeable future, pending the 2nd Circuit issues a decision on your case.
>
> *Based on the above*, you are to remain in ICE custody pending your removal form the United States.

(W.D.N.Y. Civ. No. 08-914, Dkt. No. 7-3 at p. 1 (emphasis added)). *D'Alessandro* also determined that a later, February, 2009 ICE decision to continue custody was invalid because it failed to allude to the factors of 8 C.F.R. § 241.4(e) and (f). The only finding arguably related to those factors was a reference to the petitioner's criminal history. 628 F. Supp. 2d at 393-94.

The *D'Alessandro* ICE decisions, unlike the one in this case, did not even generally indicated that "aforementioned" regulatory factors had guided ICE's discretion. Here, ICE made specific reference to Mr. Rone's file and acknowledged, generally if not specifically, that it was basing its decision on "the aforementioned factors," which had been outlined in the earlier, June 25, 2015 Notice to Alien of Custody Review. Accordingly, to the extent *D'Alessandro* might constitute persuasive authority, it is not on point.

Accordingly, this Court finds that ICE did not fail to comply with the applicable regulations in its September 15, 2015 Decision to Continue Custody. Habeas relief on these grounds is denied.

## IV. CONCLUSION

For the foregoing reasons, Mr. Rone's application to seal is denied without prejudice and his application for the appointment of counsel is denied as moot. His habeas petition is denied without prejudice. An appropriate Order will be entered.

Dated: November 12, 2015

_____
KEVIN MCNULTY
United States District Judge